COOK, Respondent, *v.* AMERICAN EXP. CO., Appellant.

(*Supreme Court, General Term, Second Department.* July 22, 1892.)

Appeal from Dutchess county court.

Action by James J. Cook against the American Express Company.

Argued before BARNARD, P. J., and DYKMAN and CULLEN, JJ.

*Frank Hasbrouck,* for appellant. *Ransom Baker,* for respondent.

DYKMAN, J. This is an appeal from a judgment of the county court affirming a judgment of a court of a justice of the peace in favor of the plaintiff against the defendant. The case is one where the appellant has not demanded a new trial in the appellate court, and in such cases "the appellate court must render judgment according to the justice of the case, without regard to technical errors or defects which do not affect the merits." Code Civil Proc. § 3063. Assuming, as we must, that the county court rendered the judgment from which this appeal is taken in obedience to this requirement of the law, we are not at liberty to disregard the decision. This case well illustrates the wisdom of the statute. The amount involved is small, as it frequently is in actions in courts of a justice of the peace, and, independent of technical objections, the judgment does substantial justice between the parties. The judgment should be affirmed, with costs.

---

JAMES, Respondent, *v.* FINCH, Appellant.

(*Supreme Court, General Term, Second Department.* July 22, 1892.)

Appeal from special term, Dutchess county.

Action by Almira H. James against Winifred K. Finch.

Argued before DYKMAN and CULLEN, JJ.

*Geo. Murray Brooks,* for appellant. *A. M. & G. Card,* (*W. Farrington,* of counsel,) for respondent.

DYKMAN, J. This is an appeal from a judgment in favor of the plaintiff in an action upon the guaranty of the payment of a promissory note tried before a judge without a jury. Answer set up want of consideration for the guaranty, and failure to make demand of payment of the note of the maker at its maturity, and an agreement with the maker to extend the time of payment upon the note. All the defenses were destroyed by the proof upon the trial, and the liability of the defendant was fully established. The record presents no error, and the judgment should be affirmed, with costs.